### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF NEW YORK
### CASE NO.:

| | |
|---|---|
| **MASIKA DUCREAY**, on behalf of herself and all others similarly situated individuals,<br><br>**Plaintiff,**<br>v.<br><br>**HOUSLANGER & ASSOCIATES, PLLC, LIBRA EQUITIES, LLC, and TODD HOUSLANGER,**<br>**Defendants.** | **COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, by and through her attorney, Abel L. Pierre, Esq., as and for her complaint against the Defendants HOUSLANGER & ASSOCIATES, PLLC (hereinafter "H&A"), LIBRA EQUITIES, LLC, (hereinafter "Libra") and TODD HOUSLANGER (hereinafter "Mr. Houslanger") alleges as follows:

### I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendants' violation of the Fair Debt Collection Practices Act 15 U.S.C. § 1692, *et seq.* ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

2. Plaintiff brings this action on all causes of action on behalf of herself and the members of a class pursuant to Federal Rule of Civil Procedure 23.

### II. JURISDICTION

3. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k ("FDCPA") and 28 U.S.C. §

1

1331.  Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2).

## III. ALLEGATIONS AS TO PARTIES

4.  Plaintiff, Masika Ducreay, ("Ducreay") is a natural person residing in New York County, State of New York.

5.  Ducreay is a "consumer" as said term is defined under the FDCPA, 15 U.S.C. § 1692a(3).

6.  Upon information and belief Defendant HOUSLANGER & ASSOCIATES, PLLC is a domestic professional service limited liability company that did transact, and does now presently transact business in the State of New York.

7.  Defendant H&A is authorized to conduct business in the State of New York through its professional business address of 372 New York Avenue, Huntington, New York 11743.

8.  Per § 20-490 of the New York City Administrative Code, any business that seeks to collect personal or household debts from New York City residents must have a Debt Collection Agency License from the New York City Department of Consumer Affairs.  H&A possesses a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency".

9.  Upon information and belief, the principal purpose of H&A is the collection of debts using the legal system, and instrumentalities of interstate commerce, including mails and telephone; and it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

10. Based upon the allegations in the ¶¶ 6-9, H&A is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

11. Upon information and belief Defendant LIBRA EQUITIES, LLC is a domestic limited liability company that did transact, and does now presently transact business in the State of New York.

12. Defendant Libra is authorized to conduct business in the State of New York through its registered agent Houslanger & Associates, PLLC, located at 372 New York Avenue, Huntington, New York 11743.

13. Per § 20-490 of the New York City Administrative Code, any business that seeks to collect personal or household debts from New York City residents must have a Debt Collection Agency License from the New York City Department of Consumer Affairs. Libra possesses a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency".

14. Upon information and belief, the principal purpose of Libra is the collection of debts using the legal system, and instrumentalities of interstate commerce, including mails and telephone; and it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

15. Based upon the allegations in the ¶¶ 12-14, Libra is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

16. Upon information and belief, Defendant TODD HOUSLANGER is a natural individual, an attorney and owner of the "debt collector" H&A, a main financial beneficiary of "debt collector" H&A, an individual with a principal place of business located at "debt collector" H&A, and/or controls and/or supervises the debt collection activities of "debt collector" H&A.

17. Mr. Houslanger therefore is a "person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." Therefore, Mr. Houslanger is a debt collector as defined by 15 U.S.C. § 1692a(6) and Mr. Houslanger is accordingly liable for the acts of Defendant Houslanger & Associates, PLLC.

18. Upon information and belief, on a date better known by Defendants, Defendants began to attempt to collect an alleged consumer debt from Plaintiff.

19. Defendants are subject to jurisdiction in the State of New York and venue of this district pursuant to New York Long Arm jurisdiction statute through the causation of injury in the state by acts or omissions inside and outside of the State of New York.

## IV. FACTUAL ALLEGATIONS

20. Plaintiff adopts and realleges the foregoing as fully restated herein.

21. Prior to the commencement of this action, Plaintiff allegedly incurred a financial obligation to Bally Total Fitness that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

22. Sometime thereafter, on a date unknown to Plaintiff, the debt was consigned, placed or otherwise transferred to Pinpoint Technologies, LLC for collection from Ducreay.

23. Upon information and belief, on or about April 3, 2007, Pinpoint Technologies, LLC through its attorneys Mel S. Harris & Associates commenced suit against Ducreay in the New York City Civil Court, County of Richmond.

24. It is extremely important to note that the Plaintiff did not live in the county of Richmond when the Civil Court Action was commenced against her. In fact the Plaintiff never resided or transacted business in Richmond County.

25. Upon information and belief, Pinpoint Technologies, LLC through its attorneys obtained a default judgment ("Pinpoint judgment") in the amount of $1,190.56 against Ducreay on or about June 21, 2007.

26. Plaintiff filed for an Order of Relief under Chapter 7 of Title 11 on May 26, 2016. Said application was made to the United States Federal Bankruptcy Court for the Southern District of New York.

27. Plaintiff was eventually granted a discharge of her debts under 11 U.S.C. § 727 by order of Hon. Michael E. Wiles dated November 22, 2016.

28. As with the filing of any bankruptcy petition and ultimately a discharge of debts, a consumer/debtor is protected from creditors that are acting in any capacity to collect, assess or recover a claim against the consumer/debtor that arose before the commencement of the bankruptcy proceedings.

29. Consequently, by the discharge injunction that goes into effect once a discharge of debts has been granted, a creditor is barred from collecting that arose before the commencement of the bankruptcy proceedings.

30. As such, as to the Plaintiff, the discharge injunction stopped all creditors and debt collectors from collecting debts incurred on or before May 26, 2016.

31. As evidenced above, Plaintiff's alleged debt with Pinpoint Technologies, LLC was incurred prior to May 26, 2016.

32. Sometime thereafter, on a date better known to Defendants, the Pinpoint Judgment was consigned, placed or otherwise transferred to Libra Equities, LLC for collection from Ducreay.

33.  Consequently, Libra Equities, LLC, through its attorneys/registered agent Houslanger & Associates, LLC began its collection efforts to collect said debt from Plaintiff.

34. Defendants' collection attempts included but is not limited to sending the Pinpoint Judgment to NYC Marshal Ronald Moses for enforcement and collection.

35. On or about February 28, 2018, Ducreay, through her attorneys Law Office of Abel L. Pierre, PC, filed a motion with the court to among other things, vacate the Pinpoint judgment against her and dismiss the case.

36. Consequently, on or about March 12, 2018, the Civil Court Case resulting in the Pinpoint judgment against Ducreay was discontinued.

37. Defendants' attempts at collecting the debt, specifically sending the judgment to the Marshal for enforcement and collection was an attempt to collect a debt that no longer legally exists. This was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

38. Upon information and belief, Defendants received the debt from Mel S. Harris & Associates, an entity defunct since 2015, sometime before the filing of the bankruptcy petition, for purposes of collection.  Plaintiff has no knowledge as to the exact date of the Defendants' receipt of the debt from Mel S. Harris & Associates.

39. Consequently, notwithstanding that fact and presuming without conceding that Defendants received the file after debtor filed her bankruptcy petition, Defendants have both the means and responsibility under applicable statutes, including without limitations, the Fair Debt

6

Collection and Practices Act and the Fair Credit Reporting Act, to determine whether a particular consumer/debtor has filed a bankruptcy petition and/or was granted a discharge of his/her debts.

40. Debt collectors routinely check credit reports and run searches via names through PACER. These are two of the common practices of debt collectors.

41. Consequently, Defendants engaged in these common practices and maliciously still sought to collect the debt from the Plaintiff.

42. In the alternative, presuming without conceding, that Defendants, did not engage in the practices described in ¶ 37, they are still liable as described herein

43. Plaintiff was confused as to Defendants' collection attempt because she knew that the judgment against her was rendered null and void through bankruptcy and there were to be no collection attempts for said judgment.

44. In light of the facts articulated herein, Defendants utilized false and deceptive means to coerce Plaintiff into paying an invalid debt.

45. In light of the facts articulated herein, Defendants utilized false and deceptive means in an attempt to oppress and harass Plaintiff into paying an invalid debt.

46. In light of the facts articulated herein, Defendants attempted to collect an invalid debt by communicating false representations or utilizing deceptive means.

47. In light of the facts articulated herein, Defendants attempted to collect an invalid debt by intentionally mischaracterizing the legal status of the debt.

48. In light of the facts articulated herein, Defendants engaged in collection activity, the purpose of which was to harass the Plaintiff.

49. In light of the facts articulated herein, Defendants attempted to collect a debt not authorized or permitted by law.

50. Defendants' activity on these occasions were a communication in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692d, 1692e, 1692e(2), 1692f and 1692f(1) amongst others.

51. Plaintiff commenced this action within one year of the unlawful actions and/or within one year of reasonably knowing of the unlawful actions of Defendants.

52. That as per 15 U.S.C. § 1692 et seq. and as a result of the above violations, Defendants are liable to the Plaintiff for actual damages pursuant to 15 U.S.C. § 1692k(a)(1); and statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from each and every Defendant herein.

## V. PRACTICES OF THE DEFENDANTS

53. It is or was the policy and practice of Defendants to collect or attempt to collect debts from consumers that have been rendered null and void or barred from collection by law.

54. It is or was the policy and practice of Defendants to collect or attempt to collect debts not permitted or authorized by law.

55. Said practices and policies of Defendants are deceptive representations, which contradicts consumers' rights.

56. That the Defendants intentionally and knowingly and/or carelessly and recklessly seek to collect legally barred debts for the sole purpose of harassing consumers and coercing payment and collecting debts which they know or should know that the consumers do not owe.

57. Defendants' conduct violates 15 U.S.C. § 1692 et seq., including but not limited to subsections (d), (e) and (f) in the representations made by the Defendants are abusive, false, confusing, misleading, deceptive, unfair and fail to advise the consumer of his/her legal rights as required by law.

58. That as per 15 U.S.C. § 1692 et seq. and as a result of the above violation, Defendants are liable to the Plaintiff for actual damages pursuant to 15 U.S.C. § 1692k(a)(1); and statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from each and every Defendant herein.

59. The Defendants' conduct has caused Plaintiff to experience worries and concerns that are separate from the anxiety she felt about the bankruptcy. Her reactions and emotions were not fleeting or inconsequential. She suffered significant emotional harm as a result of Defendants' conduct in willfully violating the discharge injunction. The circumstances surrounding the violation make it obvious that a reasonable person would suffer significant emotional harm. She suffered actual damages in the forms of out-of-pocket expenses, attorney's fees, and emotional distress.

## VI. ALLEGATIONS OF LAW

60. Defendants violated the FDCPA. Defendants' violations include, but are not limited to the following: d, e, and f.

   i. Defendants violated 15 U.S.C. § 1692d by harassing, oppressing and/or abusing the consumer by employing unfair tactics in attempt to collect a debt;

    ii.   Defendants violated 15 U.S.C. § 1692e by utilizing false, deceptive and misleading representation to collect a debt;

   iii.   Defendants violated 15 U.S.C. § 1692e(2) by making false and misleading representations in connection to the character, amount and legal status of an alleged debt;

   iv.   Defendants violated 15 U.S.C. § 1692f by utilizing unfair tactics to collect an alleged debt;

    v.   Defendants violated 15 U.S.C. § 1692f (1) by attempting to collect an amount not permitted by law.

61. To the extent that the Defendants attempted to collect a debt from Plaintiff even though Defendants knew or should have known that Plaintiff did not owe the underlying debt, Defendants' actions also violated New York State Statutes prohibiting Deceptive Acts and Practices.  *See* New York State Code Article 22-A. § 349.

## VII. CLASS ALLEGATIONS

62. The causes of action are brought on behalf of Plaintiff and the members of a class.

63. The class consists of all persons within the New York State whom Defendants or its agents enforced judgments previously discharged through bankruptcy, against consumers within the ten years prior to the filing of the Complaint.

64. Defendants and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number in the thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

65. Plaintiff and members of the Class were further harmed by the acts of Defendants in at least the following ways: Defendants brought lawsuits against consumers on behalf of various entities in violation of the Fair Debt Collection Practices Act.

66. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class, and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

67. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class can be identified through Defendants records or its agents' records.

68. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following: (a) whether, within the ten years prior to the filing of this Complaint, Defendants or their agents enforced judgments discharged through bankruptcy against the Plaintiff or class members, (b) whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation; and (d) whether Defendants and their respective agents should be enjoined from engaging in such conduct in the future.

69. Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

70. Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendants' unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendants will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

71. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Fair Debt Collection Practices Act.

72. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendants to comply with federal and state law. The interest of Class members in individually controlling the prosecution of separate claims against Defendants is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

73. Defendants has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

## **COUNT I**

### **Violation of § 1692d of the FDCPA – Any conduct the natural consequence of which is to harass, oppress, or abuse any person**

74. Plaintiff adopts and realleges the foregoing as fully stated herein.

75. Section 1692d of the FDCPA prohibits a debt collector from using any conduct which the natural consequence of which is to harass, oppress or abuse any person. *See, 15 U.S.C. § 1692d.*

76. Defendants' violation of §1692d of the FDCPA, include, but are not limited to, engaging and continuing collection activity after the discharge injunction went into effect. Defendants sought to garnish the Plaintiff's wages in its attempt to recover monies on a judgment obtained before the commencement of bankruptcy proceedings and eventually rendered null and void by the bankruptcy discharge.

77. Defendants' violation of §1692d of the FDCPA render them liable for statutory damages, costs, and reasonable attorneys' fees. *See, 15 U.S.C. §1692k.*

78. By engaging and continuing collection activity after being prohibited to do so, Defendants caused Plaintiff to suffer actual injury in the form of emotional distress, humiliation, out-of-pocket expenses and attorney's fees.

79. As a direct and proximate result of Defendants' deceptive acts and practices committed in violation of §1692d of the FDCPA, Plaintiff was damaged in that she, among other things, suffered stress, anxiety and humiliation as a result of Defendants' abusive attempts to collect a debt.

80. Defendants' violation of § 1692d of the FDCPA render them liable for actual damages, costs, and reasonable attorneys' fees. *See, 15 U.S.C. §1692k(a)(1).*

81. Plaintiff requests that Defendants be enjoined from attempting to collect the debt alleged to be owed by her, by engaging in behavior which is harassing or abusing Plaintiff or otherwise engaging in acts or practices that are unfair or deceptive towards Plaintiff.

## COUNT II

### Violation of § 1692e Of the FDCPA – Any other false, deceptive, or misleading representation or means in connection with the debt collection

82. Plaintiff adopts and realleges the foregoing as fully stated herein.

83. Section 1692e of the FDCPA prohibits a debt collector from using any other false, deceptive, or misleading representation or means in connection with the debt collection. *See, 15 U.S.C. §1692e.*

84. Defendants' violation of §1692e of the FDCPA, include, but are not limited to, engaging and continuing collection activity after the discharge injunction went into effect. Defendants sought to garnish the Plaintiff's wages in its attempt to recover monies on a judgment obtained before the commencement of bankruptcy proceedings and eventually rendered null and void by the bankruptcy discharge.

85. Defendants' violation of §1692e of the FDCPA render them liable for statutory damages, costs, and reasonable attorneys' fees. *See, 15 U.S.C. §1692k.*

86. By engaging and continuing collection activity after being prohibited to do so, Defendants caused Plaintiff to suffer actual injury in the form of emotional distress, humiliation, out-of-pocket expenses and attorney's fees.

87. As a direct and proximate result of Defendants' deceptive acts and practices committed in violation of §1692e of the FDCPA, Plaintiff was damaged in that she, among other things, suffered stress, anxiety and humiliation as a result of Defendant's abusive attempts to collect a debt.

88. Defendants' violation of § 1692e of the FDCPA render them liable for actual damages, costs, and reasonable attorneys' fees. *See, 15 U.S.C. §1692k(a)(1).*

89. Plaintiff requests that Defendants be enjoined from attempting to collect the debt alleged to be owed by her, by engaging in behavior which is harassing or abusing Plaintiff or otherwise engaging in acts or practices that are unfair or deceptive towards Plaintiff.

<u>**COUNT III**</u>

<u>**Violation of § 1692e(2) Of the FDCPA – False or misleading representations in communications regarding character, amount or legal status of the alleged debt**</u>

90. Plaintiff adopts and realleges the foregoing as fully stated herein.

91. Section 1692e(2) of the FDCPA prohibits a debt collector from misrepresenting the character, amount or legal status of an alleged debt to attempt to collect any amount not authorized by the agreement creating the debt or permitted by law.  *See, 15 U.S.C. § 1692e(2).*

92. Defendants' violations of § 1692e(2) of the FDCPA, include, but are not limited to, engaging and continuing collection activity after the discharge injunction went into effect and representing to Plaintiff that the alleged debts were viable accounts which could be paid and collected.

93. Defendants' violations of § 1692e(2) of the FDCPA render them liable for statutory damages, costs, and reasonable attorneys' fees. *See, 15 U.S.C. § 1692k.*

94. By engaging and continuing collection activity after being prohibited to do so, Defendants caused Plaintiff to suffer actual injury in the form of emotional distress, humiliation, out-of-pocket expenses and attorney's fees.

95. As a direct and proximate result of Defendants' deceptive acts and practices committed in violation of § 1692e(2) of the FDCPA, Plaintiff was damaged in that she, among other

things, suffered stress, anxiety and humiliation as a result of Defendants' abusive attempts to collect a debt.

96. Defendants' violations of § 1692e(2) of the FDCPA render them liable for actual damages, costs, and reasonable attorneys' fees. *See* *15 U.S.C. § 1692k(a)(1).*

97. Plaintiff requests that Defendants be enjoined from attempting to collect the debt alleged to be owed by her, by engaging in behavior which is harassing or abusing Plaintiff or otherwise engaging in acts or practices that are unfair or deceptive towards Plaintiff.

## COUNT IV

### Violation of § 1692f Of the FDCPA – any unfair or unconscionable means to collector attempt to collect the alleged debt

98. Plaintiff adopts and realleges the foregoing as fully stated herein.

99. Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect the alleged debt. *See, 15 U.S.C. § 1692f.*

100.     Defendants' violations of §1692f of the FDCPA, include, but are not limited to, engaging and continuing collection activity after the discharge injunction went into effect. Defendants sought to garnish the Plaintiff's wages in its attempt to recover monies on a judgment obtained before the commencement of bankruptcy proceedings and eventually rendered null and void by the bankruptcy discharge.

101.     Defendants' violations of §1692f of the FDCPA render them liable for statutory damages, costs, and reasonable attorneys' fees. *See, 15 U.S.C. §1692k.*

102.     By engaging and continuing collection activity after being prohibited to do so, Defendants caused Plaintiff to suffer actual injury in the form of emotional distress, humiliation, out-of-pocket expenses and attorney's fees.

103.     As a direct and proximate result of Defendants' deceptive acts and practices committed in violation of § 1692f of the FDCPA, Plaintiff was damaged in that she, among other things, suffered stress, anxiety and humiliation as a result of Defendants' abusive attempts to collect a debt.

104.     Plaintiff requests that Defendants be enjoined from attempting to collect the debt alleged

to be owed by her, by engaging in behavior which is harassing or abusing Plaintiff or otherwise engaging in acts or practices that are unfair or deceptive towards Plaintiff.

## **COUNT V**

### **Violation of § 1692f(1) Of the FDCPA – Any collection or attempt to collect any amount not authorized by the agreement creating the debt or permitted by law**

105.     Plaintiff adopts and realleges the foregoing as fully stated herein.

*106.*     Section 1692f(1) of the FDCPA prohibits a debt collector from using any unfair means to attempt to collect any amount not authorized by the agreement creating the debt or permitted by law.  *See, 15 U.S.C. § 1692f(1).*

107.     Defendants' violations of § 1692f(1) of the FDCPA, include, but are not limited to, engaging and continuing collection activity after the discharge injunction went into effect. Defendants sought to garnish the Plaintiff's wages in its attempt to recover monies on a judgment obtained before the commencement of bankruptcy proceedings and eventually

rendered null and void by the bankruptcy discharge. Defendants' actions are clearly not permitted by law.

108.      Defendants' violations of § 1692f(1) of the FDCPA render them liable for statutory damages, costs, and reasonable attorneys' fees. *See, 15 U.S.C. § 1692k.*

109.      By engaging and continuing collection activity after being prohibited to do so, Defendants caused Plaintiff to suffer actual injury in the form of emotional distress, humiliation, out-of-pocket expenses and attorney's fees.

110.      As a direct and proximate result of Defendants' deceptive acts and practices committed in violation of § 1692f(1) of the FDCPA, Plaintiff was damaged in that she, among other things, suffered stress, anxiety and humiliation as a result of Defendants' abusive attempts to collect a debt.

111.      Defendants' violations of § 1692f(1) of the FDCPA render them liable for actual damages, costs, and reasonable attorneys' fees. *See15 U.S.C. § 1692k(a)(1).*

112.      Plaintiff requests that Defendants be enjoined from attempting to collect the debt alleged

to be owed by her, by engaging in behavior which is harassing or abusing Plaintiff or otherwise engaging in acts or practices that are unfair or deceptive towards Plaintiff.

## COUNT VI
## Violations of the New York General Business Law § 349

113.      Plaintiff adopts and realleges the foregoing as fully stated herein.

114.      Under New York General Business Law §349(a), deceptive acts or practices in the conduct of any business conducted in the State of New York are unlawful.

115.    Defendants' violations of § 349(a) of the NY GBL, include, but are not limited to, intentionally engaging and continuing collection activity after the discharge injunction went into effect. Defendants sought to garnish the Plaintiff's wages in its attempt to recover monies on a judgment obtained before the commencement of bankruptcy proceedings and eventually rendered null and void by the bankruptcy discharge.

116.    Defendants' violations of § 349(a) of the NY GBL render them liable for statutory damages, costs, and reasonable attorneys' fees pursuant to NY GBL 349(h).

117.    By intentionally engaging and continuing collection activity after the discharge injunction went into effect by seeking to garnish the Plaintiff's wages in its attempt to recover monies on a judgment obtained before the commencement of bankruptcy proceedings and eventually rendered null and void by the bankruptcy discharge, Defendants caused Plaintiff to suffer actual injury in the form of emotional distress, humiliation, out-of-pocket expenses and attorney's fees.

118.    As a direct and proximate result of Defendants' conduct committed in violations of § 349(a) of the NY GBL, Plaintiff was damaged in that she, among other things, suffered emotional distress, anxiety and humiliation as a result of Defendants' abusive attempts to collect a debt.

119.    Defendants' violations of § 349(a) of the NY GBL render them liable for actual damages, costs, and reasonable attorneys' fees pursuant to NY GBL 349(h).

120.    Plaintiff requests that Defendants be enjoined from attempting to collect the debt alleged to be owed by her, by engaging in behavior which is harassing or abusing to Plaintiff or otherwise engaging in acts or practices that are unfair or deceptive towards Plaintiff.

## **PRAYER FOR RELIEF**

Plaintiff, Masika Ducreay prays that this Court:

a.   Grant an order certifying the proposed class herein under Federal Rule 23 and appointing Plaintiff and his undersigned counsel of record to represent same;

b.   Create a common fund available to provide notice of and remedy Defendants' violations;

c.   Declare that Defendants violated the FDCPA;

d.   For an award of actual and treble damages pursuant to 15 U.S.C. § 1692k against each and every Defendant and for Plaintiff;

e.   Enter judgment in favor of Plaintiff and against each and every Defendant, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA;

f.   Declare that the Defendants violated the NY GBL;

g.   Enter judgment in favor of Plaintiff and against each and every Defendant, for statutory damages, costs, and reasonable attorneys' fees as provided by § 349(h) of the NY GBL.

h.   Enter judgment enjoining each and every Defendant from collecting or attempting to collect any debt alleged to be owed by Plaintiff,

i.   Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Masika Ducreay demands trial by jury.

Respectfully submitted,

Dated: May 31, 2018

**LAW OFFICE OF ABEL L. PIERRE,
ATTORNEY-AT-LAW, P.C.**

Attorney I.D.#AP-5508
140 Broadway, 46th Floor
New York, New York 10005
Telephone:  (212) 766-3323
Facsimile:  (212) 766-3322
abel@apierrelaw.com

**Attorney for Plaintiff**